UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-335-FDW

| TERRENCE WRIGHT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| GRAHAM COUNTY CLERK OF COURT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint which Plaintiff filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

Plaintiff is an inmate of the State of North Carolina who was sentenced to life imprisonment following his conviction for second-degree murder in Graham County, North Carolina, on April 11, 1996. Since that time, Plaintiff has filed numerous § 1983 complaints in this district that have been dismissed either as frivolous or for failure to state a claim under the Prisoner Litigation Reform Act (PLRA) which provides, in relevant part, that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

See Wright El v. Downs, et al., Case No. 2:11-cv-00044-RJC (W.D.N.C. Oct. 28, 2011) (dismissing § 1983 under 28 U.S.C. § 1915(g) and citing Plaintiff's previous dismissals

in this district); <u>Wright El v. Downs, et al.</u>, Case No. 2:11-cv-00050-RJC (W.D.N.C. Dec. 21, 2011) (dismissing § 1983 under § 1915(g)); <u>Wright El v. Holloway</u>, Case No. 2:13-cv-7-RJC (W.D.N.C. Mar. 22, 2013) (dismissing § 1983 complaint as frivolous under § 1915A(b)(1) & (b)(2)).

Plaintiff's present pro se complaint repeats familiar allegations that have been previously been dismissed and that are wholly frivolous. More to the point, Plaintiff has failed to provide allegations which demonstrate any claim of imminent physical injury. Accordingly, Plaintiff's complaint will be dismissed for failure to state a claim and as being frivolous.

For the foregoing reasons, the Court finds that Plaintiff has failed to allege imminent risk of physical injury and his complaint will therefore be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: June 23, 2014

Frank D. Whitney
Chief United States District Judge